**Opinion filed August 8, 2013**



In The

# Eleventh Court of Appeals

_____

## No. 11-11-00221-CV

_____

## LARRY R. MILLER, Appellant

## V.

## ECTOR COUNTY HOSPITAL DISTRICT D/B/A MEDICAL CENTER HOSPITAL, Appellee

### On Appeal from the 161st District Court
### Ector County, Texas
### Trial Court Cause No. B-128,999

### M E M O R A N D U M   O P I N I O N

Larry R. Miller, a former Medical Center Hospital[1] pharmacist, appeals the trial court's order in which it granted Medical Center's plea to the jurisdiction. In the order, the trial court dismissed Miller's libel, slander, defamation, and intentional-infliction-of-emotional-distress claims that he alleged arose because Medical Center fired him or forced him to resign. We affirm.

---

[1]Ector County Hospital District d/b/a Medical Center Hospital.

Miller alleged that Medical Center fired or forced him to resign in March 2009 after it received a letter from an anonymous person who alleged that Miller had come to work intoxicated and had stolen prescription medication. Miller claimed that the allegations were false, that another employee instigated the investigation, that Medical Center published false statements, and that he suffered damages based on lost income, vacation, and retirement; he also sought his attorneys' fees.

Medical Center included a general denial in its answer. The parties began discovery, and nearly a year later, Medical Center filed a plea to the jurisdiction and motion for summary judgment claiming sovereign immunity because Miller's claims did not fall within the narrow waiver under the Texas Tort Claims Act (TTCA). TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.001–.109 (West 2011 & Supp. 2012). "The Tort Claims Act expressly waives sovereign immunity in three general areas: 'use of publicly owned automobiles, premises defects, and injuries arising out of conditions or use of property.'"[2] *Cnty of Cameron v. Brown*, 80 S.W.3d 549, 554 (Tex. 2002) (quoting *Tex. Dep't of Transp. v. Able*, 35 S.W.3d 608, 611 (Tex. 2000)). Public hospitals are immune from suit unless the TTCA expressly waives immunity. *See* CIV. PRAC. & REM. § 101.001(3)(D). A governmental unit is not liable for intentional torts. *Id.* § 101.057. The trial court granted the plea to the jurisdiction and entered a final judgment dismissing Miller's claims with prejudice.

---

[2]Sovereign immunity is immunity from suit and liability. *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006) (citing *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999)). The TTCA waives sovereign immunity in limited circumstances. TEX. CIV. PRAC. & REM. CODE ANN. § 101.025(a) (West 2011); *State ex rel. State Dep't of Highways & Pub. Transp. v. Gonzalez*, 82 S.W.3d 322, 326 (Tex. 2002).

In his brief, Miller alludes to several issues but only challenges the trial court's failure to grant a continuance. Miller mentioned in his brief that the trial court erred in granting the plea to the jurisdiction because (1) Medical Center failed to comply with his discovery requests, (2) the trial court failed to grant his motions to compel and for sanctions, (3) the trial court failed to grant a continuance, and (4) Medical Center's motions were premature because more discovery was needed. However, Miller only briefed and cited authority for his complaint that the trial court abused its discretion when it granted Medical Center's plea to the jurisdiction "without allowing plaintiff to complete discovery." Specifically, Miller contends that the trial court abused its discretion because it did not analyze the three factors related to motions for continuance "or even address on the record Plaintiff's request for a continuance."

We review the denial of a motion for continuance for an abuse of discretion. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004). In conducting our review, we consider the length of time the case has been on file, the materiality of the discovery sought, and the due diligence exercised to obtain the evidence. *Id.* But we must first address the requirements that a motion for continuance must be in writing, verified, and supported by affidavit. TEX. R. CIV. P. 251; TEX. R. CIV. P. 166a(g); *Tri-Steel Structures, Inc. v. Baptist Found. of Tex.*, 166 S.W.3d 443, 447–48 (Tex. App.—Fort Worth 2005, pet. denied). If the motion is not verified, we will presume that the trial court did not abuse its discretion. *See Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986).

Although Miller did not file a motion for continuance and does not argue that he filed one, we do note that he did request a continuance in his response to the plea to the jurisdiction and that he did attach an affidavit. Miller stated, in his response to the summary judgment motion and plea to the jurisdiction, that "he would be able to satisfy the exception for sovereign immunity for personal injury

caused by the condition or use of tangible personal property." But Miller did not outline anything in his response or affidavit that, if produced, would support any claim under the TTCA, and Medical Center was immune from suit for all of his intentional tort claims. Miller states that, in his motion to compel, he "stated that he could not adequately answer a pending motion for summary judgment until MCH had answered his second request for production." Miller argues that, in his motion for sanctions and frivolous pleadings, he "again mentioned the pending motion for summary judgment and the need for discovery."

Although Miller identified (1) in his affidavit, "Medicare/Medicaid billing records," and "prescription inventories" and (2) in his appeal brief, "records of swipe-card activity and camera images," respectively, as "material" evidence needed in additional discovery, he never explained to the trial court in his plea response how any of that information, if produced, waived immunity under the TTCA; he also never filed a motion for continuance. He, only now, attempts to make the argument for the first time on appeal. Thus, we hold that the trial court did not abuse its discretion in denying Miller's "request for a continuance." Miller's single issue is overruled.

*This Court's Ruling*

We affirm the judgment of the trial court.


TERRY McCALL
JUSTICE


August 8, 2013

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.

4